*600
 
 Pratt, J.
 

 It is difficult to determine what questions were designed to be brought up from the circuit to the general term for review. It was not the case of a verdict for the plaintiffs, taken subject to the opinion of the court at general term, under section two hundred and sixty-five of the Code, for that manifestly refers to the case of a general verdict. This seems to have been-, in part, at least, a special verdict, which, by the same section, must be heard in the first instance at a special term, if a motion be made for judgment thereon. It was not a case for ordering a general verdict, subject to the opinion of the court at general term, upon the trial the case did not “ present only questions of law.” At least, the question whether the owner could be held responsible for damages occasioned by the unauthorized act of a builder or contractor could not arise in the case until the question of fact whether the act was or was n<& authorized by the owner should be first disposed of an& settled. If it be assumed that the spout was placed in thS condition in which iiTwas found at the time of the coming on of the storm by the direction of the defendant, there could be no question in relation to his liability. The contrary clearly could not be assumed, for the witness Young testified that the defendant ordered him to do it, and he did it. If, therefore, the damages resulted from an act done by the express direction of the defendant, the question upon which the cause was decided at general term did not arise in the case. It could not, therefore, except by taking this testi-1 mony of Young to be true, be assumed that questions of law-only were involved in the case. And in that case the question of law would be a very simple one, and 'one which, if correctly decided, would have produced a very different result at general term.
 

 Were it not for the statement of facts sent up with the case, I should have thought that it was not the design of the-learned judge to order a verdict subject to the opinion of tb» court. He ruled generally that the defendant was liable
 
 *601
 
 for the acts of the contractors; that they were, so far as liability for their acts was concerned, to be deemed his agents. Liberty was reserved to either party to turn the case into a bill of exceptions. All this was inconsistent with the idea that it was to be deemed a general verdict, subject to the opinion of the court. No ruling in that case would have been necessary; and under the law there is no necessity, indeed it is impracticable, to turn the case, where a verdict is thus taken, into a bill of exceptions.
 

 I should have thought it more probable that it did not occur to the learned judge who tried the cause that a motion for new trial upon a case, by the amendments of 1852, could not be heard in the first instance at the general term, and that it was simply intended to stay proceedings for the purpose of enabling the defendant to move for a new Mai at the general term upon a case, according to the practice previous to the amendment of 1852.
 

 But the proceedings at general tern, in which the learned judge seems to have taken part, are based upon the assumption that it was a verdict subject to the opinion of the court, otherwise final judgment could not have been given for the defendant. We are, therefore, bound to treat it as such, and, it being very clearly not a case for such practice, we must hold it a mistrial.
 

 The judgment must, therefore, be reversed, and a new trial ordered.
 

 All the judges concurring,
 

 Judgment reversed and new trial ordered.